IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TAVON MAYS,**

      **Plaintiff,**

vs.

      Case No. 2:22-cv-3035
      Judge Michael H. Watson
      Magistrate Judge Elizabeth P. Deavers

**RITBEY SITOT,** *et al.***,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Tavon Mays, an Ohio resident proceeding without the assistance of counsel, initiated this action on August 5, 2022. (ECF No. 1.) The Court granted Plaintiff's request to proceed *in forma pauperis* and deferred the initial screen. (ECF No. 2). On August 10, 2022, Plaintiff filed a Motion to Amend his Complaint, naming two Defendants who were unknown at the time of filing the initial Complaint. (ECF No. 4). Plaintiff's Motion is **GRANTED**.

This matter is now before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, a federal court has limited subject matter jurisdiction.  "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the

3

Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts claims against Ritbey Sitot, owner of Spartan's Market ("Market"), and two unknown Defendants. (ECF No. 1-1.) Plaintiff's Amended Complaint names the additional Defendants as Ashraf Zamara and Mohammed Walid Zamara. (ECF No. 4.) Plaintiff asserts that on August 4, 2021, he "went into Spartan Market and was assaulted by 2 employee's that work at the Market." (ECF No. 1-1 at PAGEID # 6.) Plaintiff notes that he was "slapped" by one employee and "physically removed" from the Market by the other. (*Id.*) He further asserts that the second employee threatened him with a weapon. (*Id.*) Plaintiff seeks relief in the form of punitive damages for "any physical or mental injuries that was inflicted on [him] from the 3 defendants." (*Id.* at PAGEID # 7.)

On his form Complaint, Plaintiff references 18 U.S.C. § 241, Conspiracy against rights, to establish subject matter jurisdiction. (*Id.* at PAGEID # 5.) The relevant portion of the statute provides:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . .

18 U.S.C. § 241.

In his Complaint and Amended Complaint, Plaintiff does not assert that the Defendants conspired to deprive him in the free exercise or enjoyment of rights or privileges secured by the Constitution or relevant United States laws. Regarding the alleged incident, the only connection

4

Plaintiff makes between Defendant Sitot and Defendants M.W. Zamara and A. Zamara is the fact Sitot owns the Market and employs the other two Defendants. Plaintiff does not assert Defendant Sitot conspired with the two employees to injure, oppress, threaten, or intimidate him. Further, Plaintiff does not assert that the three Defendants denied him any rights or privileges secured by the Constitution. Construed liberally, Plaintiff has failed to state a claim upon which relief can be granted.

To the extent Plaintiff intended to assert a state law claim for assault, this Court does not have subject matter jurisdiction. As the party invoking federal jurisdiction, Plaintiff bears the burden of proving that diversity of citizenship exists. *Glob. Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction."); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-cv-12380, 2016 WL 4073561, at *3 (E.D. Mich. Aug. 1, 2016) ("The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on the plaintiff—the party invoking federal jurisdiction—to plead and prove such facts."). Here, Plaintiff and all Defendants are Ohio residents. (ECF No. 1-1 at PAGEID ## 4–5 (listing Plaintiff's address in Columbus, Ohio, and identifying Defendant Sitot's address in Reynoldsburg, Ohio); ECF No. 4-1 at PAGEID ## 18, 20 (identifying Defendants M.W. Zamara's and A. Zamara's address in Columbus, Ohio).) Based on this record, Plaintiff has not demonstrated that diversity of citizenship exists, and the Undersigned cannot discern a basis for federal jurisdiction.

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirety.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: August 18, 2022                  /s/ *Elizabeth A. Preston Deavers*
                                       **ELIZABETH A. PRESTON DEAVERS**
                                       **UNITED STATES MAGISTRATE JUDGE**